IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOKHAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNAXIS BALZERS AG and UNAXIS BALZERS LTD., <br><br> Defendants / | No. C-06-0885 MMC <br><br> **ORDER GRANTING MOTION TO DISMISS; VACATING HEARING** <br><br> (Docket No. 25) |

    Before the Court is the motion filed August 25, 2006 by defendants Unaxis Balzers AG and Unaxis Balzers Ltd. (jointly, "Unaxis") to dismiss the instant action for lack of subject matter jurisdiction. Plaintiff Bookham, Inc. ("Bookham") has filed opposition; Unaxis has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the October 6, 2006 hearing.

    For the reasons set forth in Unaxis's motion and reply, Bookham has not demonstrated an objectively reasonable apprehension that it, or any of its customers, face an infringement suit by Unaxis. Accordingly, the Court lacks jurisdiction over Bookham's claim for declaratory relief. See, e.g., Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1053 (Fed. Cir. 1995) (finding jurisdiction over declaratory relief claim lacking in absence of "action by the patent holder sufficient to create an objectively

reasonable apprehension that suit will be brought against the declaratory plaintiff"); Arrowhead Industrial Water, Inc. v. Ecolochem, Inc., 846 F.2d 731 (Fed. Cir. 1988) (describing test for declaratory relief jurisdiction as requiring "apprehension that plaintiff or its customers face an infringement suit or threat of one") (internal quotation, citation, and emphases omitted).

Assuming, arguendo, the Court has jurisdiction over the declaratory relief claim, the Court declines to exercise such jurisdiction. The parties were engaged in licensing negotiations prior to Bookham's filing of the instant action, and thereafter, shortly before the filing of the instant motion, Bookham sent Unaxis a letter stating "[t]here may be mutual benefit . . . in discussing alternative commercial arrangements instead of resolving the issue through the courts." (See Haggerty Decl. Ex. 11.) In light of the parties' ongoing licensing negotiations, entertaining the instant action for declaratory relief "would be inconsistent with the sound policy of promoting extrajudicial dispute resolution, and conservation of judicial resources." See EMC Corp. v. Norand Corp., 89 F.3d 807 (Fed. Cir. 1996) (noting "court may take into account the pendency of serious negotiations to sell or license a patent in determining whether to exercise jurisdiction over a declaratory judgment action") (internal quotation and citation omitted).

Bookham has not alleged an independent basis for jurisdiction over its state law claims, and has not responded to Unaxis's argument that the Court should decline to exercise supplemental jurisdiction over said claims. Where the Court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, where the Court has issued no rulings on the merits of any of Bookham's claims and the action is at a very early stage, there is no reason for the Court to retain supplemental

jurisdiction over Bookham's state law claims.

Accordingly, Unaxis's motion to dismiss is hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 25, 2006

_____
MAXINE M. CHESNEY
United States District Judge